IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK H. BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1437 |
| | ) | |
| COMMONWEALTH OF | ) | Judge Gary L. Lancaster/ |
| PENNSYLVANIA; EDWARD RENDELL; | ) | Chief Magistrate Judge Amy Reynolds Hay |
| PEDRO CORTES; LUKE RAVENSTAHL; | ) | |
| CITY OF PITTSBURGH; COUNTY OF | ) | |
| ALLEGHENY; DAN ONORATO; and | ) | |
| THE UNITED STATES OF AMERICA; | ) | |
| | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that, pursuant to 28 U.S.C. § 1915A, the Plaintiff's civil action be dismissed prior to service as frivolous and/or malicious.

II.   Report

Frederick Banks (Plaintiff), a federally convicted felon, is currently incarcerated at the FCC-Yazoo City in Mississippi.  He was previously convicted in the Western District of Pennsylvania in United States v. Banks, No. 03-CR-245 (W.D. Pa.).  He is serving a sentence of sixty months for his convictions of seven counts of mail fraud, criminal copyright infringement, money laundering, uttering and possessing counterfeit or forged securities, and witness tampering.  Since Plaintiff's initial arrest and detention and sentencing, Plaintiff has decided to spend his time by engaging in the "pastime" of litigation and not particularly fruitful litigation

given that he has accumulated many more than three strikes.[1]  No longer able to rely the grant of IFP in order to pursue his pastime, he submitted the instant complaint and filing fee via an individual whose address is in Greece.  His current complaint is against government officials on the claim that they stole land which now forms the City of Pittsburgh from the Native Americans and so the Defendants should be required to be ejected therefrom and all title to such land should be quieted in Plaintiff.  Dkt. [1] at 3, ¶¶ 6 to 7.

Named as defendants in the present case at bar are: (1) the Commonwealth of Pennsylvania, (2) Governor Ed Rendell, (3) Secretary of State Pedro Cortes, (4) Mayor Luke Ravenstahl, (5) the City of Pittsburgh, (6) the County of Allegheny, (7) County Executive Dan Onorato, and last but not least, (8) the United States of America.

A.     Relevant Procedural History

This civil action was received by the Clerk's office in an envelope from Greece,

---

[1]  For example, as of May 19, 2008, the last time this court conducted a review of the cases Plaintiff filed in order to determine his eligibility to proceed IFP and also to review the harassing nature of the lawsuits Plaintiff filed, the Court concluded as follows: Since February 3, 2005, Plaintiff has filed or participated as a party plaintiff or intervenor in approximately 45 civil actions in the federal District Courts.  Since January 20, 2005, Plaintiff has filed or participated in roughly 31 bankruptcy cases.  Since March 9, 2005, Plaintiff has filed or participated in approximately sixty cases in the Federal Courts of Appeals.  As a consequence of his recreational litigation activities, Plaintiff has accumulated many more than three strikes.  See, e.g., Banks v. U.S. Marshal, Slip Copy, 2008 WL 1751700  (10th Cir. April 16, 2008) (assessing four strikes); Banks v. Vio Software, No. 07-1339 (10th Cir. April 29, 2008)(assessing two strikes)(available on PACER);  Banks v. PNC Bank, NO. C06-1109JLR,  2007 WL 2363064, at *1 n.2  (W.D.Wash. Aug. 14, 2007)(counting three strikes against Plaintiff based upon two suits filed in the Western District and one suit filed in the Middle District of Pennsylvania); Banks v. Crockett, No. 1:07-CV-1019 (M.D.Pa. Dkt. 5, order entered 6/7/07) (denying Plaintiff IFP status based on the fact that he has four strikes). Parenthetically, the Crockett court counted three cases from the Western District of Pennsylvania and one case from the Middle District. The PNC Bank Court counted three of those same cases as were cited by the Crockett Court.  See also Banks v. Williams, No. 5:07-CV-226, 2008 WL 544946, (S.D.Miss. Feb. 21, 2008)(denying Plaintiff IFP status because he has at least three strikes).  Just based on the foregoing cases, as of May 16, 2008, it appears that Plaintiff had accumulated at least a total of ten strikes (i.e., 4 from the U.S.Marshal case, 2 from the Vio Software case and the 4 counted in the Crockett case).

accompanied by the filing fee and the complaint, Dkt. [1], which had attachments, namely a purported Notice of Lis Pendens, Dkt. [1-2], and, Additional Claims to the Complaint, Dkt. [1-3]. In the additional claims, Plaintiff recites a number of grievances he has against the Defendants for their alleged historic mistreatment of the Native Americans, e.g., introducing small pox, plundering the gold, silver and other natural resources, not permitting the Native Americans to practice their religion, not providing adequate food and clothing to Native Americans pursuant to various agreements/treaties. Dkt. [1-3] at ¶¶ 2 to 3;5 & 7. Plaintiff claims to be a member of one or more Native American tribes.

The complaint has not been served yet but pursuant to the screening provisions of the Prison Litigation Reform Act (PLRA), it should be dismissed pre-service as frivolous and/or as malicious.

  B. Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).

The PLRA in relevant part added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Here, Plaintiff is a prisoner within the meaning of Section 1915A.[2] All of the Defendants are either a governmental entity or an employee thereof. Thus, Section 1915A Screening is applicable herein. Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In reviewing complaints as mandated by 28 U.S.C. § 1915A, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice.

---

[2] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

. . .").

While the general rule is that where a plaintiff is pro se, courts are to accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney, Haines v. Kerner, 404 U.S. 519 (1972), in cases where there is an experienced pro se litigator, the Court need not accord such a liberal reading to the complaint. Johnson v. Eggersdorf, 8 Fed.Appx. 140, 143 (2d Cir. 2001) (noting that the plaintiff therein was "an extremely litigious inmate who is quite familiar with the legal system and with pleading requirements." Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994). Therefore, the deference usually granted to pro se plaintiffs need not be expansively drawn in this case."); Edwards v. Selsky, No. 9:04-CV-1054, 2007 WL 748442, at *2 -*3 (N.D.N.Y. March 6, 2007) (finding that experienced pro se litigators are not entitled to such liberality given their experience in the litigation of cases and suggesting that those pro se prisoners who have filed more than 12 suits, should be considered as "experienced" and not provided the liberality accorded other less experienced pro se litigators).

    C.    <u>Discussion</u>

A claim that is based on an indisputably meritless legal theory comes within the definition of "frivolous." See, e.g., Deutsch v. U.S., 67 F.3d 1080, 1085 (3d Cir. 1995)("we note that the Supreme Court has already defined some contours for the frivolous standard. For example, a claim based on an indisputably meritless legal theory may be dismissed as frivolous"). However, as explained by the Court of Appeals,

> The Supreme Court has only begun, with *Neitzke* and *Denton*, to define § 1915(d)'s frivolous standard. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) ("[T]he term 'frivolous' [ ] connotes discretion because, as a practical matter, it is

5

> simply not susceptible to categorical definition. Although the Supreme Court has loosely defined frivolous claims, ... it has declined to fashion too precise a rule."); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). More specifically, *Neitzke* and *Denton* do not preempt us from considering whether § 1915(d)'s use of the term "frivolous" includes trivial claims, because neither opinion places the contours of the frivolous standard beyond the purview of further judicial inquiry.

Deutsch, 67 F.3d at 1085. See also Hutchins v. McDaniels, 512 F.3d 193, 195-96 (5th Cir. 2007) ("A complaint is frivolous if it lacks an arguable basis in law or fact. Black v. Warren, 134 F.3d 732, 734 (5th Cir.1998). 'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"); Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007) ("Alternatively, a claim may be properly characterized as legally frivolous if it lacks an arguable basis in law or is based on an indisputably meritless legal theory.").

    As noted previously, here Plaintiff brings suit pursuant to, inter alia, 42 U.S.C. § 1983, against government officials on the claim that they stole land which now forms the City of Pittsburgh from the Native Americans and so the Defendants should be required to be ejected therefrom and all title to such land should be quieted in Plaintiff, who claims to be a member of one or more American Indian tribes.  Instantly, we find the current complaint to lack an arguable basis in law, if not in fact, and/or is based upon an indisputably meritless legal theory.  Hence the case should be dismissed pre-service as frivolous within the contemplation of Section 1915A.

    In the alternative, the complaint should be dismissed as malicious within the meaning of Section 1915A.  "A complaint plainly abusive of the judicial process is properly typed malicious." Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  Indeed, "no one, rich or poor, is entitled to abuse the judicial process." Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975).

We find the current civil action to be malicious. Accordingly, it should be dismissed pre-service pursuant to Section 1915A.

III.   Conclusion

Pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 4 January, 2010

cc:   The Honorable Gary L. Lancaster
      United States District Judge

      Frederick H. Banks
      05711-068
      FCC Yazoo City
      PO BOX 5000
      Yazoo City, MS 39194

      All counsel of record by Notice of Electronic Filing

      Deligianni 9
      Kantilos
      Chalkis
      Evia, 34100
      Greece